IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JESSE JOE SOLIZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-06-0029 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Jesse Joe Soliz, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), brings this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. This action will be dismissed because it is untimely and because it is barred as a successive petition. 28 U.S.C. § 2244(b); 28 U.S.C. § 2244(d).

Soliz attacks the validity of his incarceration pursuant to convictions for unlawful possession of a controlled substance, forgery, and aggravated sexual assault. He is currently serving consecutive sentences for the felony convictions. *State v. Soliz*, No.94-9-15,877 (377th Dist. Ct. Victoria County, Tex. Jan. 20, 1995) (aggravated sexual assault - fifteen years); *State v. Soliz*, No. 89-9-13,707 (24th Dist. Ct. Victoria County, Tex. Dec. 10, 1989) (forgery - ten years); *State v. Soliz*, No. 89-4-13,543 (24th Dist. Ct. Victoria County, Tex. Nov. 29, 1989) (possession - fifteen years). Soliz was released on parole, but was returned to the TDCJ-CID after his parole was revoked on November 3, 1994. Soliz also challenges the parole revocation.

Soliz has previously filed three federal petitions for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenged all of the convictions listed in this pending action. All of the petitions were dismissed with prejudice. *See Soliz v. Johnson*, No. V-00-0015 (S.D. Tex. May 31, 2000) (time-barred); *Soliz v. Johnson*, No. V-97-0120 (S.D. Tex. Mar. 30, 1999) (time-barred); *Soliz v. Johnson*, No. V-97-0047 (S.D. Tex. Aug. 26, 1998).

The current action is a successive habeas challenge and requires permission from the United States Court of Appeals for the Fifth Circuit. *See Fierro v. Johnson*, 197 F.3d 147, 149 (5th Cir. 1999). There is no showing that the Fifth Circuit has granted permission to file another habeas petition . Without such permission, this action must be dismissed for lack of jurisdiction. *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999); *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998). *See also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

In addition to being barred as successive, the current petition is barred by the AEDPA's one-year statute of limitations. The applicable statute provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

Soliz is challenging two 1989 convictions, a 1995 conviction, and a 1994 parole revocation. The last federal habeas petition challenging one of the convictions, No. V-00-0015, was dismissed nearly six years ago. The previous federal petitions did not toll the limitations period. *Duncan v. Walker*, 121 S.Ct. 2120, 2129 (2001); *Grooms v. Johnson*, 208 F.3d 488 (5th Cir. 1999). It is beyond question that Soliz waited more than one year after the convictions and the parole revocation before seeking federal habeas relief. *See also Soliz v. Johnson*, No. V-00-0015; *Soliz v. Johnson*, No. V-97-0120. Consequently, this present action is clearly barred as untimely under 28 U.S.C. § 2244(d) and should be dismissed *sua sponte* even if Soliz were to obtain permission from the United States Court of Appeals for the Fifth Circuit before filing a another habeas petition challenging the same state court judgment. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

Therefore, it is **ORDERED** that this action is **DISMISSED** because it is time barred and because the petitioner has failed to obtain permission from the Court of Appeals to proceed in this court. 28 U.S.C. § 2244(b), (d).

Should Soliz appeal this dismissal, he must first obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). The court **DENIES** issuance of a certificate of appealability because the petitioner has failed to present any debatable argument as to whether this court was correct in its procedural ruling. *See Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).

The Clerk shall provide a copy of this Memorandum Opinion and Order dismissing the action to the petitioner, and will provide a copy of the petition and this Memorandum Opinion and Order to the respondent by sending the copies to the Attorney General of the State of Texas.

**SIGNED** on this 10th day of April, 2006.

                                        JOHN D. RAINEY
                                UNITED STATES DISTRICT JUDGE